UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**VINCENT MICHAEL MARINO,**

**Plaintiff,**

-v-    9:12-CV-801 (NAM/RFT)

**HARRELL WATTS, General Counsel/BOP/DOJ,
DEBORAH SCHULT, Warden/BOP/DOJ, ROBERT
HELMS, SIS Lieutenant/BOP/DOJ, JASON
POIRIER, Correctional Officer/BOP/DOJ, D. RYAN,
Disciplinary Hearing Officer/BOP/DOJ, MS.
SEPANEK, Counselor/BOP/DOJ, MR. LUCAS, Case
Manager/BOP/DOJ, JOSEPH SMITH, Correctional
Officer/BOP/DOJ, JOHN and JANE DOES 1-20;**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Vincent Michael Marino
14431-038
FCI HAZELTON
PO Box 5000
Bruceton Mills, West Virginia 26525
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Karen Folster Lesperance, Esq., Assistant New York State Attorney
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff, an inmate in the federal correctional system, brought this civil rights action

pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S.

388 (1971). Defendants moved (Dkt. No. 34) to dismiss the action for failure to state a claim and/or *res judicata*. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Randolph F. Treece issued a Report-Recommendation and Order (Dkt. No. 47) recommending dismissal. After reviewing plaintiff's objections (Dkt. No. 48), this Court granted dismissal of the complaint but granted plaintiff leave to replead certain claims. (Dkt. No. 49). Plaintiff filed a timely Amended Complaint (Dkt. No. 52) which was returned to the magistrate judge for review pursuant to this Court's Memorandum-Decision and Order. Judge Treece has prepared a Report-Recommendation and Order (Dkt. No. 56) again recommending dismissal. Plaintiff has filed objections. (Dkt. No. 58).[1] Given the extensive nature of plaintiff's objections, the Court conducts a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C). As set forth below, the Report-Recommendation and Order is adopted in part and rejected in part.

## BACKGROUND

The factual background has been set forth in detail in both Judge Treece's previous Report-Recommendations and in the Memorandum-Decision and Order. (*See* Dkt. Nos. 47, 49, 56). Therefore, the Court assumes familiarity with the background and only briefly summarizes it here as necessary to its decision.

Plaintiff alleges that on April 8, 2008, while incarcerated at Ray Brook Federal Correctional Institute ("Ray Brook"), he provided a sworn affidavit in support of a fellow inmate's anticipated litigation. Plaintiff's affidavit was filed as part of the inmate's federal

---

[1] Plaintiff has also filed a letter motion (Dkt. No 59) requesting that the court order "the Defendants to release the block/Under Sealment of this civil action, allowing it to be viewed on PACER.GOV." This Court has reviewed the docket on Pacer, and found that plaintiff's action is not sealed, and is indeed available to be viewed. Therefore, plaintiff's request is DENIED as moot. If plaintiff is having trouble accessing Pacer at his facility, he should address those concerns through administrative channels at the facility.

-2-

pleading. According to plaintiff, defendants Helms and Poirier found a copy of this affidavit in plaintiff's cell on December 2, 2009.

Plaintiff alleges that on December 3, 2009, defendants Helms and Poirer planted betting slips in his cell and confiscated unused stamps, and also found ten gallons of homemade intoxicants. Plaintiff was subsequently charged with making, possessing, or using intoxicants, possessing gambling paraphernalia, conducting a gambling pool, and possessing unauthorized items. On December 15, 2009, after a disciplinary hearing, plaintiff was found guilty. Plaintiff was sanctioned with sixty days in disciplinary segregation, lost thirty-six days of good time jail credit, and was restricted from using the telephone, visitation, and commissary.

According to plaintiff, while in the Special Housing Unit ("SHU") he did not have window ventilation, sunshine, or fresh air, was only permitted to shower "every three days," his lights were left on all night, and sometimes all day, and he did not have access to flush the toilet which was only flushed once a day, if at all. Plaintiff further claims that his security classification was changed from eleven to twenty-four points, that he was transferred to a facility with a "history of over 15 murders, over 300 stabbings & over 300 knife shots[,]" placed in a Diesel Therapy Program, and that his legal mail, legal work, and Civil Procedure Book were confiscated all following the discovery of his affidavit.

As discussed in detail in this Court's Memorandum-Decision and Order, plaintiff also filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2241, in which he alleged nearly verbatim the claims raised in this civil rights complaint. Consequently, some of plaintiff's claims were dismissed without leave to replead.[2] (*See* Dkt. No. 49 at 9-10). The claims plaintiff was

---

[2] Plaintiff's *habeas* petition was denied, therefore the Court held that he was unable to collaterally attack the duration of his confinement by arguing in a *Bivens* action that the filing of an incident report against him was retaliatory. Any such claim was dismissed without leave to

-3-

permitted to replead that are currently before the court are:

> 1. Eighth Amendment conditions of confinement based on the treatment he received while in SHU;
> 2. Denial of access to the courts as a result of the confiscation of his legal materials;
> 3. Retaliation as a result of the confiscation of his legal materials;
> 4. Retaliation as a result of his transfer to FCI Pollock;
> 5. Intentional infliction of emotional distress;
> 6. Equal protection; and
> 7. Other claims not specifically addressed in this Court's Memorandum Decision and Order.

As noted above, Judge Treece has recommended dismissal of all of these claims. After thorough review of the record and applicable law, the Court agrees with Judge Treece's analysis of all but plaintiff's retaliation claims.

To state a retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). In light of the early stage of the proceedings and plaintiff's *pro se* status, the court must construe the complaint liberally, accept all factual allegations in the complaint as true, view the facts alleged in the light most favorable to plaintiff, draw all reasonable inferences in the plaintiff's favor, and interpret plaintiff's factual allegations to raise the strongest arguments that they suggest. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

In his amended complaint, plaintiff alleges that defendants Helms and Poirer discovered a copy of his affidavit during a cell search on December 2, 2009. (Dkt. No. 52 at 12; *see also id.* at 16 ("Helms[] admitted to Marino . . . that he and Defendant[] Poirier[] found the above affidavit

---

replead. Similarly, any challenge to plaintiff's SHU sentence was dismissed without leave to replead.

-4-

in Marino's cell . . . .")). He further alleges that defendants Helms and Schult specifically told him that he would be placed in the "Diesel Therapy Program" for filing the affidavit. (Dkt. No. 52 at 14; *see also id.* at 21 (stating that defendant Schult informed plaintiff that "because Marino filed [the affidavit,] "she & "Defendant" Watts[] will make sure Marino will experience the BOP's 'Diesel Therapy Program'")). Plaintiff also contends that Helms admitted that it was because of this affidavit that "the intentional retaliation happen[]ed against Marino," that defendants Helms and Schult told him that he was "going to rot in this SHU for extra punishment for filing a[n] Affidavit on our staff," and that when the correctional officers "failed to either flush Marino's toilet & or shut off or put on the lights for days" they "would state we know what you did, filed a[] Court Affidavit against [a correctional officer.]" (Dkt. No. 52 at 16, 24, 33). Plaintiff also contends, with regard to the alleged confiscation of his legal mail, legal work, and Civil Procedure book, that defendant Sepanek said "you like to read books so that you can file Affidavit[s] against BOP employee[s], kiss that Federal Rules of Civil Procedure book good bye . . . ;" defendant Lucas told him that "Defendant Helms is having a great time ripping up your legal mail & legal work . . . ;" and that defendant Helms "chimed in 'do not say that to him he likes to write things down so that he [can] sue us lat[]er.'"

It is true, as Judge Treece notes, that a plaintiff often fails to demonstrate the causal connection element of a retaliation claim when a defendant is not personally named in the grievance or complaint constituting the protected activity. However, plaintiff provides additional factual allegations, described above, which, if true, would be a basis for inferring that these defendants retaliated against plaintiff despite not being named in the affidavit. In light of plaintiff's factual allegations regarding defendants' statements to him and the early stage of the proceedings, the Court cannot say that there is no basis to infer a causal connection. Therefore,

-5-

Judge Treece's dismissal of plaintiff's retaliation claims against defendants Helms, Schult, Watts, Sepanek and Lucas[3] is rejected, and the Report-Recommendation and Order is otherwise adopted.

It is therefore

ORDERED that the Report-Recommendation and Order (Dkt. No. 56) is accepted in part and rejected in part as set forth herein; and it is further

ORDERED that plaintiff's amended complaint (Dkt. No. 52) is accepted as set forth herein; and it is further

ORDERED that defendants Poirier, Ryan, and Smith are dismissed from this action; and it is further

ORDERED that plaintiff's letter motion (Dkt. No. 59) is denied as moot as set forth herein; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: September 23, 2015

Norman A. Mordue
Senior U.S. District Judge

---

[3] As detailed above, these are the defendants named with respect to plaintiff's allegations of retaliation in his amended complaint. Although defendant Poirier is alleged to have found the affidavit with defendant Helms, his name is not mentioned in connection with any of the alleged retaliatory actions.