UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**Vincent Michael Marino,**

                           **Plaintiff,**

            **-v-**                             **9:12-CV-801 (NAM/DJS)**

**Harrell Watts; Deborah G. Schult; Robert Helms; Jason Poirier; D. Ryan; Sepanek; Mr. Lucas; Joseph Smith; John and Jane does 1-20,**

                           **Defendants.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Vincent Michael Marino
14431-038
Inmate Mail
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, New Jersey 08640

Office of United States Attorney, Northern District of New York
Karen Folster Lesperance, Esq., Assistant United States Attorney
James T. Foley United States Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In this *pro se Bivens*[1] action by plaintiff, an inmate in the federal correctional system, the sole remaining claims are retaliation claims against defendants Deborah G. Schult, Robert Helms, Jason Poirier, D. Ryan, Sepanek, and Mr. Lucas. Pending before the Court are plaintiff's motions for a writ of garnishment (Dkt. No. 95); an order compelling defendants to serve their response to the motion for a writ of garnishment (Dkt. No. 101); and a preliminary injunction restraining

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

defendants from disposing of assets that may be subject to a lien in the event of a judgment in favor of plaintiff (Dkt. No. 104).  As explained below, the motions are denied in their entirety.

On October 18, 2016 (Dkt. No. 90) United States Magistrate Daniel J. Stewart denied plaintiff's request (Dkt. No. 87) for an "out-of-Court settlement" and advised: "Plaintiff should contact defense counsel directly to discuss any possible settlement proposal."  Thereafter, plaintiff moved (Dkt. No. 95) for a writ of garnishment on defendants' wages, bank accounts, and property, on the ground that defendants failed to respond to his proposal to settle the case for $2 million.  As defendants point out, plaintiff is not entitled to provisional remedies under Fed. R. Civ. P. 64(a) ("[E]very remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.") and N.Y.C.P.L.R. 6001 ("The provisional remedies are attachment, injunction, receivership and notice of pendency.").  Plaintiff appears to seek an order of attachment.  Under New York law, in moving for an order of attachment "the plaintiff shall show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff."  N.Y.C.P.L.R. 6212(a).  The Court has already found that plaintiff has a cause of action for retaliation; however, plaintiff has not shown that it is probable that he will succeed on the merits or that a ground for attachment exists under N.Y.C.P.L.R. 6201.  Fed. R. Civ. P. 67, cited by plaintiff, concerns the deposit into court of money or property whose ownership is at issue, and is inapplicable here.  There is no other basis for the relief sought.  The motion (Dkt. No. 95) is denied.

Plaintiff's motion (Dkt. No. 101) to compel defendants to serve their response to the motion for a writ of garnishment is denied.

Finally, plaintiff moves (Dkt. No. 104) for a preliminary injunction restraining defendants from disposing of assets that may be subject to a lien in the event of an entry of judgment in his favor. The Supreme Court decision in *Grupo Mexicano de Desarrollo S.A. v. Alliance. Bond Fund, Inc.*, cited by defendants, establishes that, in an action for money damages, a district court lacks the power to issue a preliminary injunction preventing a defendant from transferring assets in which no lien or equitable interest is claimed. 527 U.S. 308, 333 (1999). This Court has already rejected plaintiff's motion (Dkt. No. 95) for provisional relief under Fed. R. Civ. P. 64 and N.Y.C.P.L.R. 6001, and there is no other ground for the relief sought. In any event, plaintiff's submissions fall far short of demonstrating entitlement to a preliminary injunction. The motion (Dkt. No. 104) is denied.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 95) is denied; and it is further

ORDERED that plaintiff's motion (Dkt. No. 101) is denied; and it is further

ORDERED that plaintiff's motion (Dkt. No. 104) is denied; and it is further

ORDERED that the Clerk of the Court is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:  April 4, 2017
       Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge