**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VINCENT MICHAEL MARINO,

                      Plaintiff,

      - v -                                 Civ. No. 9:12-CV-801
                                                    (NAM/DJS)

HARRELL WATTS, *et al.*,

                      Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| VINCENT MICHAEL MARINO<br>Plaintiff, *Pro Se*<br>14431-038<br>FCI Fort Dix<br>P.O. Box 2000<br>Joint Base MDL, N.J. 06840 | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>Northern District of New York<br>Attorney for Defendants<br>James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, N. Y. 12207 | KAREN FOLSTER LESPERANCE<br>Assistant United States Attorney |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

*Pro se* Plaintiff Vincent Michael Marino commenced this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. No. 52, Am. Compl. The only claims remaining in this action are claims for retaliation against Defendants Helms, Schult, Sepanek, and Lucas. Dkt. No. 86, Mem.-Dec. & Order, dated Sept. 29, 2016. Presently before the Court are Plaintiff's Motions requesting: (1) that Defense Counsel seek

substitution of the Estate of Robert Helms in the place of Defendant Helms, who died on July 29, 2015, Dkt. No. 116; and (2) to compel Defendants to provide responses, or more complete and less evasive responses, to certain interrogatories and document demands, dated February 22, 2017 and February 28, 2017, respectively, Dkt. Nos. 119 & 120. The Defendants oppose the Motions. Dkt. Nos. 121 & 122.

A telephone conference was held, on the record, on June 16, 2017, wherein all parties appeared and had a full opportunity to present their respective positions. I issued a decision on the record, in which, after applying the requisite legal standards, I **denied** Plaintiff's Motion to direct substitution under FED. R. CIV. P. 25(a), and I **granted in part and denied in part** the Plaintiff's Motions to Compel pursuant to FED. R. CIV. P. 37(d). I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties.

With regard to compelling a substitution of decedent Helm's successor or a representative of his estate, Dkt. No. 116, that Motion is **denied as moot**. During the telephone conference, the *pro se* Plaintiff agreed to file a request with the Court consenting to withdraw and discontinue all claims against Defendant Robert Helms in light of his death. Defendants' Counsel consented to this partial discontinuance. Accordingly, the present Motion is unnecessary. Plaintiff is instructed to file his written request to discontinue his claims against Defendant Helms with the Court within fifteen days of the filing date of this Order.

With regard to Plaintiff's Motions to Compel, Dkt. Nos. 119 and 120, those Motions are **granted in part and denied in part**. The objections raised by Defendants' Counsel in connection with the interrogatory and document demands are, to a large extent, appropriate and well-placed. With regard to Plaintiff's requests for documentation concerning any and all misconduct of the

Defendants (*see* Dkt. No. 122-2 at ¶ 10, "Identify all incidents which you were caught to be untruthful - - - - whether verbal or written?"), those requests are, in the Court's view, overbroad and not proportionally relevant to the needs of the case. However, in light of the *pro se* status of the Plaintiff, the Court will construe and limit those demands solely to a request for an *in camera* review of the personnel files of Defendants Schult; Lucas; and Sepoanek, and in that amended form, **grant** that request. Defendants' Counsel shall submit directly to Chambers the personnel files of these three named Defendants on or before July 14, 2017.

With regard to the numerous demands concerning the Defendants' medical and psychological issues, those demands are improper as the Defendants have not placed any such conditions at issue in this case. The Court also finds that the Plaintiff's demand that the Defendants produce their personal financial records, including any amount of "cash on hand" to satisfy any potential judgment, are also improper and not proportionally relevant to the needs of the case, and therefore will not be compelled. The Court also upholds the objections raised by the Defendants to the Plaintiff's request for documents. The demands themselves, in many instances, request the Defendants to produce documents to show that they engaged in misconduct, when in fact the Defendants deny any such misconduct occurred. For example, Document Request # 1 asks: "Defendants to hand over documents supporting that they retaliated against Marino, by unlawfully elevating Marino's custody/security points from 11-21." Dkt. No. 122-2. The Defendants response that they had no such documents is in all respects proper and consistent with their legal position. On a more fundamental level, Plaintiff has indicated on the record that he believes he already possesses all the documents necessary to establish his case. Plaintiff is advised that if he is seeking mere confirmation of the authenticity of the documents already obtained, he may seek a stipulation in that regard from

Defendants' Counsel or he may utilize the procedures set forth in the Federal Rules regarding notices to admit. *See* FED. R. CIV. P. 36.

After due deliberation, and based upon the Court's oral decision, which is incorporated in its entirety by reference herein, it is hereby,

**ORDERED**, that Plaintiff's Motion to Compel Defendants' Counsel to file a motion under FED. R. CIV. P. 25(a) to substitute the estate of Defendant Helms (Dkt. No. 116) is **DENIED** in light of Plaintiff's stated intent to discontinue all claims against Defendant Helms, and Plaintiff is further directed to file a written request for discontinuance against Defendant Helms with the Court within fifteen (15) days of receipt of the filing date of this Order; and it is further

**ORDERED**, that Plaintiff's Motions to Compel (Dkt. Nos. 119 & 120. ) are **GRANTED TO THE LIMITED EXTENT** that the Defendants' Counsel shall provide to the Court chambers the personnel files of Defendants Schult; Lucas; and Sepoanek, for an *in camera* review by the Court, and such production shall occur by July 14, 2017, and the Motions to Compel are **IN ALL OTHER RESPECTS DENIED**; and it is further

**ORDERED**, that discovery in this matter, except as specifically noted above, is closed, and it is further

**ORDERED**, that dispositive Motions in this case shall be filed by August 18, 2017; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 16, 2017
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge