**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VINCENT MICHAEL MARINO,

                        Plaintiff,

     - v -                                 Civ. No. 9:12-CV-801
                                                 (NAM/DJS)

HARRELL WATTS, *et al*.,

                        Defendants.

**APPEARANCES:**                       **OF COUNSEL:**

VINCENT MICHAEL MARINO
Plaintiff, *Pro Se*
14431-038
FCI FORT DIX
P.O. Box 2000
Joint Base MDL, New Jersey 08640

HON. GRANT C. JAQUITH          KAREN FOLSTER LESPERANCE, ESQ.
United States Attorney              Assistant United States Attorney
Northern District of New York
Attorney for Defendants
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

On November 16, 2017, after hearing oral argument from the Plaintiff and Defendants' counsel, this Court issued a Text Order directing Defendants to supply responses to certain Requests for Admission that had been filed by Plaintiff. Dkt No. 146,

Text Order.[1]  Those responses were due within thirty days, which would have been on or about December 18, 2018.  *Id.*  Just prior to that date, however, this Court issued a Report-Recommendation and Order, recommending that the Defendants' previously filed Motion for Summary Judgment (Dkt. No. 133) be granted.  Dkt. No. 149.  That Report-Recommendation and Order was then sent to Senior United States District Court Judge Norman A. Mordue for review.

Plaintiff objected to this Court's Report-Recommendation and Order upon the grounds that it was issued *before* he had an opportunity to receive and review Defendants' answers to the above-referenced Requests for Admission; answers that were previously compelled by this Court's November 16, 2017, Order.  *See generally* Dkt. No. 156.  In that regard, Plaintiff filed two Motions, one to compel responses to the Requests for Admission, and a second Motion requesting a default judgment against Defendants based upon their failure to respond to the Requests for Admission.  Dkt. Nos. 153 & 154.  Judge Mordue, recognizing the importance of the issue, referred those two Motions back to this Court for a decision on the merits, and held the review of the Report-Recomendation on the Summary Judgment Motion in abeyance pending that decision.  Dkt. No. 155, Memorandum-Decision and Order dated January 11, 2018.

Principles of fundamental fairness mandate that Plaintiff be allowed to have responses to the Requests for Admission in question, and further, be allowed to make whatever

---

[1] At issue are Plaintiff's Requests to Admit ## 1, 2, 3, 14, 16, & 17, which deal with information allegedly placed by Defendants on a BOP/DOJ form 409, as well as issues concerning Plaintiff's criminal history and his conditions of confinement while in a special housing unit ("SHU").  *See* Dkt. Nos. 132 & 146.

argument he feels appropriate regarding those responses and their significance in connection with the pending Summary Judgment Motion. Accordingly, Plaintiff's Motion to Compel Responses is **GRANTED**, and the Defendants are directed to supply their responses to the Requests for Admission on or before February 9, 2018. Plaintiff will then be provided with fourteen days to submit to the Court any additional arguments opposing Defendants' Motion for Summary Judgment which Plaintiff believes are relevant in light of the responses that he receives. Plaintiff's brief will be limited to five pages and shall deal solely with the responses to the Requests for Admission. Insofar as Plaintiff seeks to amend or supplement his Rule 7.1 reply statement in light of these responses, he is authorized to do so and shall submit that new statement, if he desires, with his five page brief.[2]

Plaintiff also moves for a default judgment against Defendants in light of their failure to timely respond to the Requests for Admission. Dkt. No. 154. The Federal Rules do provide a procedure for deeming such Requests admitted where they are not responded to within the time period set by the statute, or by the Court. FED. R. CIV. PROC. 36(a)(3). However, this Court's premature issuance of the Report-Recommendation and Order on Defendants' Summary Judgment Motion, in addition to affecting the Plaintiff's ability to properly respond to the Motion as noted above, also would have affected Defendants' expectations concerning their need to respond to the Requests for Admission. In other words, because the Court had recommended dismissal of the Complaint, Defendants may

---

[2] The Plaintiff's amended response to the Defendants' Statement of Material Facts is in addition to his Brief, and is not covered by the Court-imposed five page limit.

well have concluded that the issue regarding the Requests for Admission was apparently mooted. In light of this Court-created confusion, the Court will not find that the Requests have been deemed admitted, but will, as noted above, place Defendants on an expedited schedule to provide their responses so that Plaintiff can make every argument that he deems necessary in opposing the Summary Judgment Motion.

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 153) is **GRANTED** and it is further

**ORDERED**, that the Defendants shall reply to Plaintiff's Requests for Admission ## 1, 2, 3, 14, 16, & 17, on or before February 9, 2018, and it is further

**ORDERED**, that Plaintiff is granted leave to submit, in connection with the Defendants' Motion for Summary Judgment, a supplemental Rule 7.1 Reply Statement of Material Fact, and a supplemental brief not to exceed five pages, on or before February 23, 2018, and it is further

**ORDERED**, that Plaintiff's Motion for a Default Judgment for Failure to Timely Respond to the Requests for Admission (Dkt. No. 154) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

Date: January 31, 2018
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge